```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

--------------------------------x
MICHAEL CIVARDI,                :
                                :
                Plaintiff,      :
                                :
v.                              :    Civil No. 3:08CV00433(AWT)
                                :
GENERAL DYNAMICS CORP.; ELECTRIC:
BOAT CORP.; METAL TRADES DEPT.  :
AFL-CIO a/k/a METAL TRADES COUNCIL :
OF NEW LONDON COUNTY; OFFICE AND:
PROFESSIONAL EMPLOYEES LOCAL 106,:
AFL-CIO, a/k/a OPEIU 106; ROBERT S.:
MANNING; and ROBERT D. MANNING, :
                                :
                Defendants.     :
--------------------------------x
```

**RULING ON MOTION TO DISMISS**

For the reasons set forth below, the motion to dismiss filed by General Dynamics Corporation and Electric Boat Corporation is being granted.

**I. FACTUAL ALLEGATIONS**

For the purposes of deciding this motion, the court takes as true the following allegations in the Complaint.

Plaintiff Michael Civardi was employed by Electric Boat Corporation ("Electric Boat") beginning in 1985. During the course of his employment, he was a member of the Metal Trades Dept. AFL-CIO and the Office and Professional Employees AFL-CIO, a/k/a OPEIU 106. Electric Boat had a collective bargaining agreement with the members of the union that governed the terms and conditions of the plaintiff's employment.

The plaintiff alleges that he was "unlawfully, wrongfully,

without just cause and in bad faith" discharged from his position on March 3, 2006. (Compl. ¶ 9.) Electric Boat terminated the plaintiff's employment for violating its rules and regulations, based on allegations made by Allyn Wright, one of the plaintiff's co-workers. Wright had filed a complaint with Electric Boat, and after an investigation, the plaintiff was discharged from his employment.

Pursuant to the grievance procedure outlined in the Collective Bargaining Agreement ("CBA"), an arbitration hearing was held. After the completion of the arbitration, the arbitrator upheld Electric Boat's decision to terminate the plaintiff's employment.

Under Article 6, § 2 of the CBA, which provides for mandatory grievance and arbitration procedures, disciplinary grievances shall be evaluated according to a standard of "just cause." (CBA, Art. VI, § 2).

In this action, the plaintiff brings claims against General Dynamics and Electric Boat for wrongful discharge (First Count), breach of contract (Second Count), breach of the implied covenant of good faith and fair dealing (Third Count), negligent supervision (Fourth Count), intentional infliction of emotional distress (Seventh Count) and negligent infliction of emotional distress (Eighth Count). He also brings claims against his union for failing to provide him with proper representation at the

grievance hearing.

**II. LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corporation v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" <u>Mytych v. May Dept. Store Co.</u>, 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting <u>Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled

to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

### III. DISCUSSION

General Dynamics and Electric Boat argue that the plaintiff's claims against them are preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301"), and, in addition, are time-barred under the six-month limitations period established under Section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b) ("Section 10(b)"). The court agrees.

"[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp. V. Lueck, 471 U.S. 202, 220 (1985) (internal citation omitted). The legal framework under which the defendants' preemption argument should be analyzed was summarized by the court in Wilhelm v. Sunrise Northeast, Inc., 923

F. Supp. 330 (D. Conn. 1995).

> Section 301 of the LMRA confers subject matter jurisdiction over suits alleging violations of the collective bargaining agreement. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), referring to Teamster's v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). In enacting § 301, Congress intended that uniform federal labor law would prevail over inconsistent, state-specific rules. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-10, 105 S.Ct. 1904, 1910-11, 85 L.Ed.2d 206 (1984). As a result, disputes over the meaning to be given a contract term and the consequences of a breach of contract must be resolved according to uniform federal law. Id., at 211, 105 S.Ct. at 1911.
> 
>   When resolution of a state-law claim depends upon interpretation of a collective bargaining agreement, the claim must either be treated as a § 301 claim or dismissed as preempted by federal labor-contract law. Allis-Chalmers, 471 U.S. at 221, 105 S.Ct. at 1916; Lingle, 486 U.S. at 405-06, 108 S.Ct. at 1881. But if a state-law claim can be resolved without interpreting the collective bargaining agreement, the claim is "independent" of the agreement and is not preempted by § 301. Lingle, 486 U.S. at 405-06, 108 S.Ct. at 1881.
> 
> A plaintiff's claims must be tested by "whether the claims exist independent of any rights established by the contract . . . ."

Id. at 334-35.

In addition, the Supreme Court has ruled that the appropriate statute of limitations for "hybrid" actions, i.e., cases involving both claims against the employer under Section 301 and claims against the union for breach of the duty of fair representation, is six months. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163-71 (1983); see also

Welyczko v. U.S. Air, Inc., 733 F.2d 239, 241 (2d Cir. 1984) ("[W]e adopt for this circuit the rule that in employment termination cases, a six-month statute of limitations applies both retroactively and prospectively to wrongful discharge/failure to represent claims."). Under DelCostello, a plaintiff must file his suit within six months from the date upon which his "cause[] of action accrued." See DelCostello, 462 U.S. at 172.

  The plaintiff does not dispute that he was an employee covered by the CBA at all times relevant to the Complaint and was a member of the union during the entire course of his employment. The plaintiff alleges that he was "unlawfully, wrongfully, without just cause and in bad faith" discharged. The CBA only allows for the termination of union employees for "just cause." (See CBA, Art. VI, § 2.) The CBA establishes a grievance and arbitration procedure to resolve disputes over employee terminations and other matters. As a result, resolution of the plaintiff's wrongful discharge claim is dependent on interpretation of the CBA because any limitation on Electric Boat's right to terminate the plaintiff's employment would arise from the CBA and depend upon the meaning and interpretation of the "just cause" provision. Therefore, this claim does not exist independent of any rights established by the CBA and is preempted by Section 301 of the LMRA.

  Similarly, the plaintiff's breach of contract claim is based

directly on the CBA, specifically the sections that speak to discipline and discharge of employees and the "just cause" standard that must be satisfied before the termination of a union member's employment.  The plaintiff attempts to plead his claim as one for breach by General Dynamics and Electric Boat of the "Employee Handbook."  However, the harm complained of by the plaintiff is the termination of his employment, and the CBA established the grievance and arbitration procedure to resolve disputes over employee terminations.  Because the plaintiff's breach of contract claim cannot be resolved without interpretation of the CBA, it is also preempted by Section 301 of the LMRA.

As to the claim for breach of the implied covenant of good faith and fair dealing, any implied obligation would be implied based on the terms of the CBA.

> [I]t is axiomatic that the . . . duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . . The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term."

De La Concha of Hartford v. Aetna Life Ins., 269 Conn. 424, 432-33 (2004) (internal quotation marks omitted).  Again, the plaintiff attempts to plead his claim as one based on an obligation arising out of the "Employee Handbook."  But here too, the harm complained of is his being discharged from his employment.  Thus, this claim

also cannot be resolved without interpretation of the CBA and the "just cause" provision, and it is also preempted by Section 301 of the LMRA.

The plaintiff's claim for negligent supervision is that General Dynamics and Electric Boat were negligent in their supervision of certain supervisors, and as a consequence, the plaintiff's employment was unlawfully terminated. Once again, the plaintiff attempts to plead around the CBA, alleging that General Dynamics and Electric Boat failed to implement standards outlined in the "Employee Handbook." However, it is apparent, based on paragraph 34 of the Complaint, that all the harm complained of by the plaintiff flows from the termination of his employment. If the plaintiff's employment was terminated for "just cause," General Dynamics and Electric Boat cannot be liable for the damages claimed by the plaintiff. Because a determination as to whether General Dynamics and/or Electric Boat breached any such duty would require consideration of the provisions of the CBA, this claim does not exist independent of any rights established by the CBA, and it is also preempted by Section 301 of the LMRA. See Gregory v. Southern New England Tel. Co., 896 F. Supp. 78, 84 (D. Conn. 1994) ("§ 301 is designed to preclude circumvention of contractual grievance procedures by 'relabeling' as tort suits actions simply alleging breaches of duties assumed in collective bargaining agreements." (quoting Livadas v. Bradshaw, 512 U.S.

107, 123 (1994))) (internal quotation marks omitted).

With respect to the plaintiff's claims for intentional and negligent infliction of emotional distress, the plaintiff alleges that General Dynamics and Electric Boat owed him a duty of reasonable care and a duty not to engage in conduct that presented an unreasonable risk of causing him emotional harm.  Because the plaintiff alleges violations of those duties in the form of conduct by these defendants in breach of their contractual obligations to him, if these defendants complied with the terms of the CBA when terminating the plaintiff's employment, the plaintiff will not have a claim for either intentional or negligent infliction of emotional distress.  Here again, preemption of the plaintiff's state law claims is necessary to ensure that the purposes of Section 301 of the LMRA are not frustrated.  See Gregory, 896 F. Supp. at 84.  Therefore, the plaintiff's claims for intentional and negligent infliction of emotional distress are preempted by Section 301 of the LMRA.

Therefore, all of the plaintiff's claims against Electric Boat and General Dynamics are preempted by Section 301 of the LMRA.  In addition, these preempted claims are time-barred.  The plaintiff's grievance process ended on April 21, 2007, when the arbitrator upheld the termination of the plaintiff's employment. The plaintiff then had six months from that date to bring his hybrid claim.  However, the plaintiff did not commence this action

until on or after February 29, 2008.  The six-month limitations period had expired in October of 2007.  Therefore, under Section 10(b) of the LMRA, the plaintiff's preempted claims against General Dynamics and Electric Boat are time-barred and should be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, Defendants General Dynamics Corporation's and Electric Boat Corporation's Motion to Dismiss the Complaint (Doc. No. 25) is hereby GRANTED.  All claims against defendants General Dynamic Corporation and Electric Boat Corporation are dismissed.

The court notes that all claims against the other defendants in this action have also been dismissed.  Therefore, the Clerk shall close this case.

It is so ordered.

Signed this 24th day of March, 2009 at Hartford, Connecticut.

                                                /s/AWT
                                    Alvin W. Thompson
                            United States District Judge